THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID R. GELINAS, an individual, and KAREN M. GELINAS, an individual,<br><br>Plaintiffs,<br>v.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR BCAT 2015-14ATT.; SELENE FINANCE; and DOES 1-10,<br><br>Defendants. | CASE NO. C17-0300-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 8). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.  **BACKGROUND**

   A.  **Request for Judicial Notice**

Typically, the Court looks only at the face of a complaint to decide a motion to dismiss. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). However, at any

ORDER
PAGE - 1

stage of the proceeding, the Court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2), (d). The Court must take such notice if a party requests it and supplies the Court with the necessary information. Fed. R. Evid. 201(c)(2).

Here, Defendants ask the Court to take judicial notice of the following documents: (1) a deed of trust recorded in Snohomish County; (2) two assignments of the deed of trust recorded in Snohomish County; (3) a Chapter 7 bankruptcy petition filed in the U.S. Bankruptcy Court for the Western District of Washington; (4) an order of discharge from the Bankruptcy Court; (5) a Chapter 13 bankruptcy petition filed in the Bankruptcy Court; (6) a proof of claim filed in the Bankruptcy Court; (7) Plaintiffs' answer and cross-complaint filed in Snohomish County Superior Court; (8) an order dismissing Plaintiffs' cross-complaint entered by the Snohomish County Superior Court; and (9) a case information sheet for the Snohomish County case. (*See* Dkt. No. 8-2 at 1-3.)

The Court finds that these facts cannot be reasonably disputed, because they come from public court records whose accuracy cannot be reasonably questioned. And, Defendants have supplied the Court with the necessary information to make this determination. (*See* Dkt. Nos. 8-2 through 8-6.) Therefore, the Court GRANTS Defendants' request for judicial notice.

**B.  Facts**

This is a foreclosure case. Plaintiffs David Gelinas and Karen Gelinas owned the underlying property (the Property). (*See* Dkt. No. 1 at 2.) On July 27, 2007, Plaintiffs executed a promissory note in the amount of $393,750.99 in favor of non-party Evergreen Moneysource Mortgage Company. (*Id.* at 4.) The note was secured by a deed of trust encumbering the Property and was recorded in Snohomish County on August 1, 2007. (Dkt. No. 8-2 at 5-6.) The deed of trust was subsequently assigned to non-party Bank of America N.A., which then assigned the deed of trust to Defendant Wilmington Savings Fund Society on February 11, 2016. (Dkt. No. 8-4 at 9, 12.)

On April 14, 2014, Plaintiffs filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Western District of Washington, disclosing the note and the deed of trust as a liability. (*See id.* at 16.) On March 18, 2015, Plaintiffs obtained an order from the Bankruptcy Court discharging their debts. (*Id.* at 68.)

On April 25, 2016, Wilmington filed a foreclosure action against Plaintiffs in Snohomish County Superior Court. (Dkt. No. 8-6 at 78.) On September 9, 2016, Plaintiffs filed an answer and compulsory cross-complaint, alleging "lack of funding," rescission, void loan, and fraud. (Dkt. No. 8-5 at 66; Dkt. No. 8-6 at 2.) Each claim stemmed from Plaintiffs' theory that Wilmington lacked authority to collect on the note. (*See* Dkt. No. 8-6 at 2.) Plaintiffs sought dismissal of the foreclosure action and quiet title. (*Id.* at 6.) On November 16, 2016, Wilmington moved to dismiss Plaintiffs' counterclaims in the foreclosure action. (*See id.* at 75.) The Snohomish County Superior Court granted the motion and dismissed the cross-complaint with prejudice. (*Id.* at 76.)

On February 21, 2017, Plaintiffs initiated the present suit against Wilmington and co-Defendant Selene Finance LP. (Dkt. No. 1 at 1.) Plaintiffs bring three causes of action: (1) quiet title, (2) violation of the Fair Debt Collection Practices Act (FDCPA), and (3) declaratory judgment as to the parties' right to the Property. (*Id.* at 7-9.) Plaintiffs' claims again rest on their theory that Defendants lack authority to collect payments or foreclose on the Property. (*See id.*)

Defendants now move to dismiss Plaintiffs' claims with prejudice. (Dkt. No. 8 at 1.) They argue that, because of the ongoing foreclosure action in state court, this Court should abstain from taking jurisdiction over the action under the *Younger*[1] doctrine. (*Id.* at 1-2.) They further allege that Plaintiffs' claims are barred by the doctrine of res judicata, as they were asserted and dismissed in the foreclosure action. (*Id.* at 2.) Finally, Defendants argue that Plaintiffs are engaging in improper claim splitting by bringing this additional action while the foreclosure action is pending. (*Id.*)

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

## II. DISCUSSION

### A. Rule 12(b)(6) Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). However, to survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (internal quotations omitted). Although the Court must accept as true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

### B. Analysis

The Court agrees with Defendants that the *Younger* doctrine counsels in favor of dismissing Plaintiffs' claims. Under the *Younger* doctrine, federal courts are prohibited from interfering with pending state civil proceedings that implicate important state interests absent extraordinary circumstances. *See Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 11 (1987); *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613-14 (9th Cir. 2000). The Court must abstain under *Younger* if four requirements are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political*

*Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). When these conditions are met, the federal case must be dismissed. *Gordon*, 203 F.3d at 613.

All four requirements for abstention are satisfied in this case. First, Plaintiffs filed the instant suit while the state court proceedings were still ongoing. *See Gilbertson v. Albright*, 381 F.3d 965, 969 n.4 (9th Cir. 2004) ("The critical date for purposes of deciding whether abstention principles apply is the date the federal action is filed."). Plaintiffs dispute that the foreclosure action was ongoing, (Dkt. No. 11 at 2, 6), but this position is contradicted by the evidence. (*See* Dkt. No. 1 at 1) (present suit filed on February 21, 2017); (*see also* Dkt. No. 8-6 at 78-83) (foreclosure action docket sheet showing case still ongoing). Although Plaintiffs' counterclaims had been dismissed, the ultimate issue—whether foreclosure was appropriate—was still live and under consideration by the Snohomish County Superior Court.

As to the second and fourth requirements, property disputes such as this involve important and paradigmatic state interests. *See Harper v. Public Serv. Comm'n of W. Va.*, 396 F.3d 348, 352 (4th Cir. 2005) ("[P]roperty law concerns . . . are frequently 'important' state interests justifying *Younger* abstention."); *see also Turner v. Bank of Am. Home Loans*, 2011 WL 2532441 at *2 (D. Nev. June 24, 2011) (noting that "courts have held foreclosure of real property implicates important state interests"). This Court should not interfere with the state foreclosure proceeding.

Finally, this Court knows of no reason Plaintiffs would have been prevented from presenting any federal claims in the state proceeding. "Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

Accordingly, all four *Younger* criteria are met. And, no extraordinary circumstances are present to overcome the principle for which *Younger* stands. Therefore, the Court must abstain from addressing these claims. The Court need not address Defendants' remaining arguments for dismissal.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 8) is GRANTED. Plaintiffs' complaint is DISMISSED with prejudice and without leave to amend. The Clerk is directed to CLOSE this case.

DATED this 6th day of July, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE